# LUGARA PLLC
## ATTORNEYS AT LAW

February 29, 2012

*Docket & File*

**Via Facsimile to (212) 805-7986**
Hon. Paul G. Gardephe
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/13

Re: Wilson et. al. v. Pasquales' DaMarino's, Inc. et. al.
Docket No. 10-CV-2709(PGG)(JCF)

Dear Judge Gardephe:

This office has been retained by defendants Pasquales' DaMarino's, Inc., Pasquale Marino, Izabela Marino and Salvatore Abbate to represent them in place and instead of Cavanagh & Associates in the above-referenced litigation.

The undersigned is in receipt of plaintiffs' counsel's letter of February 7, 2012, wherein Mr. Wisniewski requests that this Court deny my clients' attempts to seek new counsel to represent them in this matter. Mr. Wisniewski callously alleges that my clients have gone through a "merry-go-round of attorneys" and accuses them of having "made a mockery of the judicial process". While it is true that my clients had previously retained several attorneys to represent them in this matter, they have done so with the sole intention of expediting, rather than delaying, the resolution of the claims brought against them. My clients fervently believe that the plaintiffs' claims against them lack merit, and from day one of this litigation, have sought the assistance of counsel to defend such claims and ultimately obtain their dismissal. To their disappointment and to their detriment, both financially and emotionally, such result has not yet been achieved.

My clients firmly believe that their prior counsels took advantage of the fact that their command of the English language and their understanding of the judicial system was lacking, and used such information to prolong the matter and generate large, unnecessary legal bills. My clients feel that they have been undermined by their prior counsels, and sought out this firm largely because of the undersigned's ability to communicate with them in their native language (which is Italian), something they believe would lead to greater transparency in the progress of this matter and that will allow them to resolve this litigation expeditiously. Specifically with regard to Cavanagh & Associates, my clients chose to end their engagement with the firm mainly due to issues that arose with billings, among other things.

7811 15TH AVENUE
BROOKLYN, NEW YORK 11228
TEL (718) 759-9244
FAX (718) 795-1675
INFO@LUGARALAW.COM

Honorable Paul G. Gardephe
February 29, 2012
Re: Docket No. 10-CV-2709(PGG)(JCF)
Page 2 of 2

---

    Although my clients are well aware of this Court's prior indication that they would need to proceed on a pro se basis if they discharged their attorneys, and understand the severity of such implication, they nevertheless feel that alternate counsel is necessary to protect their interests in this matter. While my clients do not wish to run afoul of any directive of this Court, they no longer have confidence in their prior attorneys and verily believe that terminating their relationship is the only remaining option for them at this juncture.

    Additionally, although Mr. Wisniewski argues that the substitution of counsel would cause undue delay in this matter, and implies that this office would be unable to "catch up to speed" with the various filings in this action, such insinuation is unwarranted. This office has already undertaken the task of reviewing the various filings and believes that it can continue this litigation with little to no delay at all. Mr. Wisniewski himself points out that there are various third-party claims and motions; such actions are common-place in a complex litigation similar to the one at hand, and are undoubtedly the reason why this matter has become protracted. Further, as Mr. Wisniewski also states, discovery in this action is currently stayed, and depositions of the parties have yet to be conducted, therefore, it is not as if this request to substitute counsel has come on the eve of trial, but rather, while the action is still in its pre-trial phase. Allowing the substitution of counsel at this juncture would not prejudice any of the parties or result in the delay of a trial. Rather, the only parties that would suffer undue prejudice would be my clients in the event they are unable to dismiss their current counsel of record or if they are faced with the prospect of proceeding on a pro se basis.

    Therefore, it is respectfully requested that this Court permit the substitution of counsel for defendants Pasquales' DaMarino's, Inc., Pasquale Marino, Izabela Marino and Salvatore Abbate. Upon this Court's determination as to the application before it, a proposed Stipulation and Order has been prepared and executed by both incoming and outgoing attorneys, and may immediately be submitted to this Court for signature.

    Thank you for your attention to this matter.

                                                 Very truly yours,

                                                 ------------/s/--------------
                                                 Lorenzo Lugara, Esq. (LL 1780)

cc:      Robert Wisniewski, Esq., attorney for plaintiffs
          Glen Cavanagh, Esq., outgoing attorney for defendants
          Jeffrey A. Wadsworth, Esq., attorney for third-party defendant Paychex
          Kenneth R. Lange, attorney for third-party defendants Vassallo and Marina