EPSTEIN BECKER & GREEN, P.C.
Evan J. Spelfogel (espelfogel@ebglaw.com)
Christopher M. Farella (cfarella@ebglaw.com)
250 Park Avenue
New York, New York  10177
P. (212) 351-4500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GENESIS WILSON, ALIAKSANDRA KULESH,      :
NATALIA ZEMTSOVA, YULIYA SYNYUK, TATIANA :
LISOVSKAYA MOHAMMED MOIN UDDIN , KSENIA  :
ARTATES, SANTIAGO ORTIZ, ABDOULAYE       :
NDIAYE, and ABIGAIL HENNESY.             : Case No. 10-cv-2709 (PGG) (RWL)
                                         :
                  Plaintiffs,            :
               - against -               :
                                         :
PASQUALE'S DAMARINO'S, INC., IZABELA     :
MARINO, PETER ROSSIGNUOLO, a/k/a PETER   :
ROSSI, CRAIG PERRI, GIANCARLO            :
MONTESARCHIO, SALVATORE ABBATE, FRED     :
MARINO, 220 WEST RESTAURANT CORP., JOSEPH :
PARINO a/k/a/ GIUSEPPE MARINO, KAVITA S. :
JAGNARINE a/k/a/ KAY JAGNARINE, PITATTI  :
ITALIANI LLC, and FRATELLI ITALIANI LLC  :
                                         :
                  Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

---

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STAY ANSWER TO SIXTH AMENDED
COMPLAINT**

---

## <u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT AND FACTS ........................................................... 1

ARGUMENT ………………………………………………………………………..2

    A STAY OF THE ANSWER TO THE SIXTH AMENDED COMPLAINT
    IS APPROPRIATE IN THIS MATTER........................................................... 2

CONCLUSION................................................................................................ 7

Firm:45793987v1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Shipping Line v. Massan Shipping*,
    885 F.Supp. 499 (S.D.N.Y. 1995) ....................................................................2

*Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*,
    630 F. Supp. 2d 295 (S.D.N.Y. 2009)............................................................3

*Finn v. Barney*,
    2008 U.S. Dist. LEXIS 101509, at *2 (S.D.N.Y. Dec. 8, 2008)........................3

*Greene v. Greene*,
    418 N.Y.S.2d 379 (N.Y.1979) ........................................................................5

*Kappel v. Comfort*,
    914 F. Supp. 1056 (S.D.N.Y. 1996)................................................................3

*Kashi v. Gratsos*,
    790 F.2d 1050, 1054 (2d Cir. 1986) ...............................................................5

*Landis v. N. Am. Co.*,
    299 U.S. 248 S. Ct. 163, 81 L. Ed. 153 (1936)................................................2

*LaSala v. Needham & Co., Inc.*,
    399 F. Supp. 2d 421 (S.D.N.Y. 2005)..........................................................2, 3

*Reitzel v. Hale*,
    820 N.Y.S.2d 845 (N.Y. Misc. 2006) .............................................................5

*Sidor v. Zuhoski*,
    261 A.D.2d 529 (2d Dept. 1999) ....................................................................5

**Other Authorities**

Fed.R.Civ.P 11 (b)(3)..............................................................................................4

Fed.R.Civ.P. 11 (b)(4).............................................................................................4

22 N.Y.C.R.R. §1200.1.7(a)(1), 1.16(b)(1) ...........................................................5

Firm:45793987v1

## PRELIMINARY STATEMENT AND FACTS

Epstein Becker & Green, P.C. ("EBG" or the "Firm") submits this memorandum of law in support of its motion to stay the time for answering the Sixth Amended Complaint for Defendants Pasquale DaMarino's, Inc., 220 West Restaurant Corporation, Fred Marino, Izabela Marino, Peter Rossignuolo, Giancarlo Montesarchio and Salvatore Abbate (collectively "Defendants")[1] in the above-captioned action (the "Wilson Lawsuit"). As set forth herein, the Defendants (and EBG) should not have to answer or otherwise move in response to Plaintiffs' recent pleading until such time as EBG's motion to withdraw [D.E. 260-262] has been decided. This request is based in part on the status of the case as discussed with the Court in January of this year (and which forms the basis of the pending motion to withdraw), but is now more imperative given the new allegations facing these Defendants in the Sixth Amended Complaint.

This Court is already aware that Defendants owe EBG substantial legal fees in uncompensated legal services performed in the previous joint representations, and that communications with Defendants have broken down preventing effective representation. Moreover, not only has the adverse verdict in the Mironova Lawsuit against Pasquale Marino and Pasquale DaMarino's, Inc. created an actual conflict of interest among the remaining Defendants in the Wilson Lawsuit, the new allegations contained in the Sixth Amended Complaint graft upon that original conflict another series of allegations which create additional conflicts.

Specifically, Plaintiffs now allege that assets and profits of Defendant 220 West were, and continue to be, transferred by some Defendants (with the assistance of a new Defendant, Giuseppe "Joseph" Marino and Kavita "Kay" Jagnarine) to newly created entities, Piatti Italiani,

---

[1] Defendant Pasquale Marino passed away and is therefore no longer a defendant in this action.

LLC and Fratelli Italiani, LLC.  *See Sixth Am. Cmpl.* at ❡ ❡ 208-209.  Plaintiffs now further allege an apparent take-over of the 220 West Corp. by parties unknown to and unrepresented by EBG.  *See id.* at ❡❡ 210-213.  These new allegations of a conspiracy to transfer and/or dissipate assets and monies is another set of conflicts that sit over and above the actual conflict EBG previously addressed to the Court, i.e., a divergence of interests among the Defendants following the Mironova Verdict.  *See* D.E. 245 at pp. 8-10 and D.E. 262 at pp. 8-10.

The overarching representation difficulties remains the same as it has been for the past several years; besides the failure to pay hundreds of thousands of dollars in legal fees, there has been a complete failure by any of Defendants to speak personally with the Firm even after repeated attempts to contact them and serving them with the withdrawal motion papers in 2015 and again in 2018.  Forcing EBG to provide further representation – specifically in the form of an Answer to the Sixth Amended Complaint - to any of the Defendants in the Wilson Action would be improper.  In short, EBG has compelling "satisfactory reasons" to withdraw as counsel of record and should be granted that exit.  Concurrently, Defendants should be given a stay until the earliest of new counsel entering the case or Defendants proceeding *pro se.*

## **ARGUMENT**

### **A STAY OF THE ANSWER TO THE SIXTH AMENDED COMPLAINT IS APPROPRIATE IN THIS MATTER**

It is well-settled that a district court has the discretion to stay proceedings, as "the power to stay ... is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936); *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) ("the decision whether to issue a stay is 'firmly within a district court's discretion.'") (quoting *Am. Shipping Line v. Massan Shipping*, 885

Firm:45793987v1

F.Supp. 499, 502 (S.D.N.Y. 1995)). Courts may issue a stay for myriad reasons. To determine whether a stay is appropriate, courts within the Second Circuit have applied a five-factor test that examines: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996); *see also Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (quoting *Finn v. Barney*, 2008 U.S. Dist. LEXIS 101509, at *2 (S.D.N.Y. Dec. 8, 2008)). Ultimately, the basic goal of the test is to avoid prejudice. *LaSala*, 399 F. Supp. 2d at 427.

Measured against these familiar principles, the motion for a stay of proceedings in this Court is clearly meritorious. First, the stay does not prejudice Plaintiffs' interests. This case is still almost at its earliest stage; the Sixth Amended Complaint has just recently been filed (March 9, 2018, D.E. 274) and no discovery has been issued, taken or exchanged. Moreover, EBG has moved to withdraw from this matter and Plaintiffs did not oppose that motion. Accordingly, Plaintiffs understand that should this Court grant the withdrawal motion, there will be some delay in advancing this case due to engaging new counsel and that counsel learning the case.

In contrast, if the Court does not stay the filing of an Answer, the prejudice to both Defendants and EBG will be tremendous. As to EBG, the prejudice is glaring - EBG cannot possibly file a proper Answer for any defendant since there has been no communication with a single one of them for over three years. EBG has made numerous and repeated ongoing attempts to speak with Defendants during the course of the past three years, as well as at present. During this time, a key Defendant, Pasquale Marino, passed away. Other defendants such as Fred

Firm:45793987v1

Marino, Salvatore Abbate and Peter Rossignuolo have not spoken with the Firm since approximately mid-September 2014.  There has been no direct communications with Giancarlo Montesarchio since the time of the June 17, 2014 settlement conference, and no contact, through correspondence or otherwise, with Izabella Marino since late August 2014.[2]  At present, the representation has devolved to the point that there is no direct line of communication between counsel and the Defendants. Moreover, upon information and belief, parties that have never been represented by EBG have taken over the corporate Defendant.

Because of this factual scenario, EBG cannot fulfill its obligations under Federal Rules of Civil Procedure 11 and should not be forced to attempt to do so.  That rule states in pertinent part that "By presenting to the court a pleading…an attorney ... certifies that to the best of [his/her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances …  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief of a lack of information."  Fed.R.Civ.P 11 (b)(3) and (4). No one at EBG can meet this base-level standard for filing the Answer since Defendants have failed and refused to communicate with EBG for over three years and Plaintiffs have leveled new allegations against them that need to be admitted, denied, or otherwise answered.

Furthermore, failing to impose a stay will potentially create further issues regarding this matter.  Allegations contained largely in paragraphs 207 through 213 of the Sixth Amended Complaint set forth a conspiracy between any and all the defendants (including some from the

---

[2] Interestingly, Plaintiffs still list Izabela Marino as a defendant in this action despite claiming at a recent conference with the Court that this Sixth Amended Complaint would remove her, as she is now judgment proof because of the discharge from bankruptcy.

previous complaints as well as newly added ones) in fraudulently transferring assets and monies from one corporate entity to other corporate entities. The New York State Rules of Professional Conduct provide that a lawyer should not represent a client if a reasonable lawyer would conclude that the representation will involve the lawyer representing differing interests. 22 N.Y.C.R.R. §1200.1.7(a)(1), 1.16(b)(1); *Sidor v. Zuhoski*, 261 A.D.2d 529, 530 (2d Dept. 1999) ("'[A]n attorney who undertakes the joint representation of two parties in a lawsuit [should] not continue as counsel for either one after an actual conflict of interest has arisen' because continued representation of either or both parties would result in a violation of the ethical rule requiring an attorney to preserve a client's confidences or the rule requiring an attorney to represent a client zealously.")

Almost by definition, one attorney cannot represent more than one member of an alleged conspiracy because, at common law, each member of that conspiracy is jointly and severally liable for the damages caused by the conspiracy. *Kashi v. Gratsos*, 790 F.2d 1050, 1054-55 (2d Cir. 1986)("Proof of a civil conspiracy under New York law connect[s] a defendant with the transaction[,] . . . charge[s] him with the acts and declarations of his co-conspirators, and exposes that defendant to joint and several liability for the victim's losses.") Given this paradigm, EBG cannot continue to serve as counsel to all Defendants, much less any single defendant. *See Reitzel v. Hale,* 820 N.Y.S.2d 845 (N.Y. Misc. 2006) (holding under predecessor conflict of interest rule, differing and conflicting interests of defendants prohibited one law firm from representing all defendants); *see also Greene v. Greene,* 418 N.Y.S.2d 379 (N.Y.1979)(a lawyer may not undertake simultaneous representation of parties with interest that are or may be adverse to each other).

Firm:45793987v1

Lastly, by their silence over the more than three years and the non-opposition to EBG's two separate motions to withdraw, Defendants have in fact voiced their decision of not having EBG represent them in this matter.  The right of counsel of one's own choosing, even in the civil context, is vital, unless there is a compelling reason justifying its abridgment.  No such reason exists here.

A stay assures that unreliable pleadings will not be filed and discovery will not commence until its proper time.  This serves the multiple interests of the parties.

The remaining factors similarly support a stay. Most notably, a stay serves the judicial and public interest in minimizing collateral litigation issues related to amending pleadings, potential conflicts of interest, motions to disqualify counsel, and the like.  Judicial resources will be conserved because allowing the motion to withdraw to be decided first, the Court can then oversee the re-alignment of parties and counsel for a more orderly procession of the case.  In contrast, denying a stay would require the courts and the parties to expend time and resources in a duplicative and unreliable process – should the Court ultimately grant EBG's motion to withdraw after other matters have moved forward, new counsel for Defendants will undoubtedly want to start the process over again, leading to amendments of pleadings, filing of motions, or additional discovery.

The Court, therefore, should exercise its discretion and stay the proceedings in this case until after it renders a decision on the motion to withdraw.

Firm:45793987v1

## <u>CONCLUSION</u>

For the reasons set forth above, this Firm respectfully requests an order for a stay of the Answer to the Sixth Amended Complaint for Defendants Pasquale's DaMarino's Inc., Fred Marino, 220 West Restaurant Corporation, Izabela Marino, Peter Rossignuolo, Giancarlo Montesarchio and Salvatore Abbate in the Wilson Lawsuit.

> Respectfully Submitted,
> EPSTEIN BECKER & GREEN, P.C.
>
> By:_____/s/ Evan Spelfogel_____
> Evan Spelfogel
> Christopher Farella
> 250 Park Avenue
> New York, New York 10177-1211
> (212) 351-4500
> *Attorneys for Defendants Pasquale*
> *DaMarino's, Inc., Fred Marino, 220 West*
> *Restaurant Corporation, Izabela Marino,*
> *Peter Rossignuolo, Giancarlo Montesarchio*
> *and Salvatore Abbate*

Dated: New York, New York
        March 19, 2018

7