

Partner
Direct Dial:  (516) 265-1181
Email:  kfrank@moritthock.com

July 30, 2018

Honorable Paul G. Gardephe
United States District Judge
Southern District Court of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> Re:   Wilson, et al v. Pasquale's Damarino's, Inc. et al.
>        10-CV-2709 (PGG)(RWL)
>        Letter Application for a Pre-Motion Conference to make a Motion to Dismiss

Dear Judge Gardephe:

This office represents the new Defendants Fratelli Italiani, LLP and Kavita Jagnarine who have been just added to this *2010* case by service of a Sixth Amended Complaint. Pursuant to Section IV(A) of Your Honor's Individual Practices, kindly accept this correspondence as the above parties' application for a pre-motion conference prior to making a Motion to Dismiss.

**The Claim**

This case involves claims by past employees of the restaurant Pasquale's Damarino's, LLC, d/b/a Da Marino Ristorante Italiano, which is no longer the owner, of labor and employment violations occurring approximately a decade ago.

The restaurant is currently owned by Fratelli Italiani, LLP d/b/a Da Marino NYC Italian Restaurant which is located at 220 West 49th Street and owned by Kavita Jagnarine, ("Jagnarine").

In July 2015, Jagnarine purchased the "Da Marino" trade name from Piatti Italiani, LLC, pursuant to an Asset Purchase Agreement ("APA") dated July 29, 2015. Piatti was a domestic limited liability company that owned the restaurant after Pasquale's Damarino's, LLC.

When Jagnarine purchased the assets and trade name from Piatti, there were no liens or lawsuits disclosed to or known, as against Piatti and this was confirmed by a lien check. Further, pursuant to paragraph 5 of the APA, Piatti represented and warranted the following:

(c)   There are no actions, suits or proceedings pending or threatened against SELLER that could materially adversely affect an of its properties or rights, at law or in equity, or before any governmental agency or instrumentality, domestic or foreign, nor is SELLER or any of its members, officers or directors aware of any facts which to its of their knowledge might result in any such action, suit or proceeding…

(g)   SELLER has good, absolute and marketable title to the Purchased Assets, which [are] not subject to any lease, mortgage, pledge, lien, charge, security interest, encumbrance or restriction whatsoever.

Jagnarine had no reason to believe that the trade name and assets would be subject to any liability from this lawsuit.

Furthermore, pursuant to paragraph 8 of the APA, Jagnarine explicitly purchased the "Da Marino" trade name and assets associated with that trade name without any liability for the debts or obligations of the seller, as follows:

**NO ASSUMPTION OF LIABILITIES**.  FRATELLI shall not assume, discharge or be liable for any debts, liabilities or obligations of SELLER or the Business…

**Procedural Posture**

A review of the case docket for this 2010 case clearly shows a long and tortured history and plaintiffs' quest to seek out and find any possible defendant(s) to pay monetary damages for alleged wage & hour and sexual harassment claims that are claimed to have occurred approximately from 2004 through 2011 (2011 added in Amended Complaint), by the then and past owners of the DaMarino restaurant, corporate defendants Pasquale's DaMarino's, Inc. and 220 West Restaurant Corp. All of the factually plead employment related misconduct claims in the Sixth Amended Complaint originated and have their genesis from actions allegedly committed many years prior to these defendants ever purchasing the restaurant.

Two of the original defendants in this action Marino P. and Marino I, and in the case of Marino P. the main claimed perpetrator of the misconduct, declared bankruptcy, which debts were discharged.  (Docket No. 274, para's 211 & 214)  Thus, plaintiffs continue to seek out other possible defendants.

Fratelli and Jagnarine are NOT proper parties to this case where there is no nexus between their ownership of the restaurant, not only due to the time that has passed, but also because they are at least once removed from the ownership where there was alleged misconduct and there are no valid claims of "Successor Liability" or "Joint Employer Liability".

This action was initiated with the filing of a Complaint on March 26, 2010, these defendants were not named. (Docket No.1)  On June 8, 2010 an Amended Complaint was filed, these defendants were not named. (Docket No. 13) A third Amended Complaint was filed on August 27, 2010, these defendants were not named.  (Docket No. 27)   On April 29, 2011 a Fourth Amended Complaint was filed, these defendants were not named. (Docket No. 106)  The Fifth Amended Complaint was filed on May 20, 2014, these defendants were not named. (Docket No. 218) It was not until March 9, 2018 that the Sixth Amended Complaint was filed naming for the first time these defendants EIGHT years after the filing of the original complaint and four years after the filing of the Fifth Amended Complaint.  (Docket No. 274)

The Sixth Amended Complaint, although not absolutely clear in the 344 paragraphs appears to seek to hold these defendants liable under the principle of Successor Liability and/or Joint Employer liability with conclusory and speculative claims in a few of the paragraphs for the actions of the owners going back to 2004, for the following alleged misconduct: the "First Claim for Relief" for Breach of Contract at Docket 274, para's 227-234; "Second Claim for Relief" for Quantum Meruit at Docket 274, para's 235-239; "Third Claim for Relief" under the New York Labor Law at Docket 274, para's 240-242; "Fourth Claim for Relief" under the New York Labor at Docket 274, para's 243-250; "Fifth Claim for Relief" under the New York Labor Law at Docket 274, para's  251-255; "Sixth Claim for Relief" under the FLSA at Docket 274, para's  256-259;  "Seventh Claim for Relief" for retaliation under the New York Labor Law at Docket 274, para's 260-263; "Eighth Claim for Relief" for retaliation under the FLSA at Docket 274, para's 264-266;  "Ninth Claim for Relief" for Title VII sexual harassment at Docket 274, para's 267-275; "Tenth Claim for Relief" for retaliation under Title VII at Docket 274, para's 276-283; "Eleventh Claim for Relief" for sexual harassment under state law; at Docket 274, para's 284-293; "Twelfth Claim for Relief" for retaliation under State law at Docket 274, para's 294-302;  "Thirteenth Claim for Relief" for sexual harassment under City law at Docket 274, para's 303-312; 267-275; "Fourteenth Claim for Relief" for retaliation under City law at Docket 274, *para's* 313-321; "Fifteenth Claim for Relief" for Negligent Supervision at Docket 274, para's 322-329;  "Sixteenth Claim for Relief" for Intentional Infliction of Emotional Distress at Docket 274, para's 330-334;  "Seventeenth Claim for Relief" for  Assault at Docket 274, para's 335-339; and, "Eighteenth Claim for Relief for Battery" at Docket 274, para's 340-344.

There are NO causes of action plead alleging "Successor Liability" or "Joint Employer Liability". *None* of the plaintiff employees were ever employed by these two defendants nor do any of the original corporate and individual defendants in the original complaint brought in 2010 have any current ownership in the restaurant. The restaurant was closed from December 2015 through December 2016 after a fire. (Docket No. 274, para's 215-216)  During this time renovations and personnel changes were made.

**Plaintiffs' Conclusory and Speculative Assertions**

Plaintiff alleges in a conclusory manner that there have been "fraudulent conveyances" from the original defendants to the "Successor Defendants". (Docket No. 274, para. 6)   Plaintiff

3

also appears to allege in a conclusory manner that these defendants' are also alternatively liable under the theory of "joint employers". (Docket No. 274, para. 50)

Thereafter, the Sixth Amended Complaint alleges all types of factual labor and employment law violations at Docket No. 274, para's. 51-208, that have nothing to do with these defendants who are not even mentioned in most of the complaint. At paragraph 209, plaintiff without any objective supporting facts alleges that the "Successor Defendants" in 2014 created Piatti as part of a scheme to escape any liability, presumably plaintiff is in a conclusory manner lumping in defendants Fratelli and Jagnarine in this group. (As noted above, Fratelli and Jagnarine did not have any interest in the restaurant until July 2015) Plaintiffs allege in a conclusory manner that Fratelli was created to siphon off assets from the restaurant. (Docket No. 274, para. 213)

Plaintiffs further allege that due to the "ambience" of the restaurant being the same and having the same "chef," that the conclusion can be reached through pure conjecture at paragraphs 214-224 that the "Successor Corporate Defendants" are successors to the original Corporate Defendants and all Corporate Defendants are the alter egos of each other. (Docket No. 274, para. 225)

Importantly, there are NO objective facts in this whole 344 paragraph complaint that would make out a valid claim of either Successor Liability or Joint Employer liability on Fratelli or Jagnarine as a Matter of Law.

**Legal Basis for Dismissal**

It is assumed that the plaintiffs in this case are alleging a claim of Successor Liability and Joint Employer liability against these defendants.

There are two tests that are applied variously by the Courts for Successor Liability: 1) the common law approach; and, 2) the substantial continuity approach.

The Second Circuit has not yet decided the proper standard for determining successor liability in the employment context, the traditional common law approach or the broader substantial continuity test — several courts that have dealt with successor liability under the FLSA have applied New York's common law successor liability test. See *Marte v. Westbury*, 2017 U.S. Dist. 7721; *Lewis v. Blackman Plumbing Supply*, 51 F. Supp. 3d 289; *Vasquez v. Ranieri Cheese Corp.*, No. 07-CV-464, 2010 U.S. Dist. LEXIS 29431, 2010 WL 1223606, at *10 (E.D.N.Y. Mar. 26, 2010); *Kaur v. Royal Arcadia Palace, Inc.*, 643 F. Supp. 2d 276, 289 n.10 (E.D.N.Y. 2007).

The plaintiffs in their extensive Sixth Amended Complaint assert a panoply of claims against the various original defendants and only conclusory ones based on conjecture against Fratelli and Jagnarine, who they did not bring into the lawsuit until eight years after its inception.

Under the common law, approach, a purchaser of the assets of a corporation is generally not liable for the seller's liabilities, *New York v. Nat'l Serv. Indus., Inc*., 460 F.3d 201, 209 (2d Cir. 2006).

The Court in *Marte,* supra, in discussing the traditional common law approach to successor liability in an employment context, held that there was no successor liability where the new corporation acted with due diligence in ascertaining whether there were any outstanding liabilities prior to consummating the purchase and that allegations by the plaintiff based upon conjecture do not support successor liability. *Marte,* 2017 U.S. Dist. 7721 at *25-26.

In addition, the *Marte* Court under the second approach used by the courts in assessing successor liability, the Substantial Continuity Approach, found that where there were no objective facts to support such a claim, there would be no liability. Here, although the lawsuit had been filed, the instant defendants had no notice or reasonable basis to believe that they could be held liable for these past employment practices where the due diligence lien check on the seller prior to the purchase did not reveal any potential liability. There was no substantial continuity where there were intervening owners of the restaurant and no overlap between these newly named defendants and any of the former employees. See generally, *Cosby v. McDonald's of Guilderland, LLC* 2018 U.S. Dist. LEXIS 74168 at *20-21.

Further, the plaintiffs have NOT asserted any facts to claim that these defendants were Joint Employers with the original defendants.  These defendants were never plaintiffs' employer in any capacity. See generally, *Murphy v. HeartShare Human Servs. Of N.Y.* 254 F. Supp. 392

**Claims again these Defendants are beyond the Statute of Limitations**

In the instant action, where the plaintiffs are seeking to assert claims against defendants for alleged violations by a prior owner that allegedly occurred between 2004-2011, they are banned by the applicable statute of limitations; where the new defendants served in 2018 are at least once removed from the original defendants, and, where there is no successor liability, no basis exists to corral these defendants within the statute of limitations applicable to the original defendants.
.

**Conclusion**

The Sixth Amended Complaint fails to make any specific factual allegations that would support liability against these defendants.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Keith J. Frank

Via ECF:  All Counsel