

Attorneys at Law

Christopher M. Farella
t  973.639.8541
f  973.639.8739
CFarella@ebglaw.com

October 17, 2018

VIA ECF

Honorable Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square,
New York, New York 10007

      Re:    *Wilson et al. v. Pasquale's Damarino, Inc. et al.*
               Civil Action No.:  1:10-cv-02709 (PGG) (RWL)

Dear Judge Gardephe:

      Pursuant to Your Honor's direction during the conference today, below are the addresses of the Defendants in this matter for whom Epstein Becker & Green, P.C. ("EBG") previously represented:

| | |
|---|---|
| Mr. Salvatore Abbate<br>6807 Abbot Avenue, Apt. 10<br>Miami Beach, FL 33141 | Ms. Izabela Marino<br>6774 Groton Street<br>Forest Hills, New York 11375 |
| Mr. Fred Marino<br>22 Rech Avenue<br>Oreland, PA 19075 | 220 West Restaurant Corp.<br>f/k/a Pasquale's DaMarino's, Inc.<br>c/o DaMarino Restaurant<br>220 West 49th Street<br>New York New York 10019 |

      In addition, Your Honor has allowed EBG the opportunity to more fully explain the argument that a conflict of interest further supports being relieved of counsel to even the remaining two defendants, Messrs. Rossignuolo and Montesaricho.  The original conflict, which existed since the verdict in the previous *Mironova* trial, was briefed in the Motion to Withdraw, *see* D.E. 262 at pp. 14-15.  A more pronounced conflict, however, arose subsequent to the filing of the Sixth Amended Complaint on March 9, 2018.  This issue was brought to the attention of U.S. Magistrate Judge Lehrburger in Defendants' Motion to Stay Filing an Answer, D.E. 279 and 280.  Instead of

Honorable Paul G. Gardephe
October 17, 2018
Page 2

attaching that motion, which included other ancillary arguments, EBG's position relative to the conflict issue is as follows.

The Sixth Amended Complaint alleges a conspiracy between any and all the Defendants (including some from the previous complaints as well as newly added ones) in fraudulently transferring assets and monies from one corporate entity to other corporate entities. The allegations forming the basis for these claims are in paragraphs 207 through 213 of the Sixth Amended Complaint.

The New York State Rules of Professional Conduct provide that a lawyer should not represent a client if a reasonable lawyer would conclude that the representation will involve the lawyer representing differing interests. 22 N.Y.C.R.R. §1200.1.7(a)(1), 1.16(b)(1); *Sidor v. Zuhoski*, 261 A.D.2d 529, 530 (2d Dept. 1999) ("'[A]n attorney who undertakes the joint representation of two parties in a lawsuit [should] not continue as counsel for either one after an actual conflict of interest has arisen' because continued representation of either or both parties would result in a violation of the ethical rule requiring an attorney to preserve a client's confidences or the rule requiring an attorney to represent a client zealously.")

Almost by definition, one attorney cannot represent more than one member of an alleged conspiracy because, at common law, each member of that conspiracy is jointly and severally liable for the damages caused by the conspiracy. *Kashi v. Gratsos*, 790 F.2d 1050, 1054-55 (2d Cir. 1986)("Proof of a civil conspiracy under New York law connect[s] a defendant with the transaction[,] . . . charge[s] him with the acts and declarations of his co-conspirators, and exposes that defendant to joint and several liability for the victim's losses.") Indeed, Plaintiffs here state unequivocally, that the "Individual Defendants were and still are owners, directors, officers, managers, employees and/or agents … and have jointly and severally exercised operational control over the Corporate Defendants." Given this paradigm, EBG cannot continue to serve as counsel to all Defendants, much less any single defendant. *See Reitzel v. Hale,* 820 N.Y.S.2d 845 (N.Y. Misc. 2006) (holding under predecessor conflict of interest rule, differing and conflicting interests of defendants prohibited one law firm from representing all defendants, especially where defendants had differing roles and responsibilities); *see also Greene v. Greene,* 418 N.Y.S.2d 379 (N.Y.1979)(a lawyer may not undertake simultaneous representation of parties with interest that are or may be adverse to each other).

Honorable Paul G. Gardephe
October 17, 2018
Page 3

      Thank you for Your Honor's consideration of this question.  We remain available to for any questions Your Honor may have regarding the above.

                              Respectfully submitted,

                              <u>/s Christopher M. Farella</u>

cc:    Robert Wisniewski, Esq. (via ECF)
        Keith J. Frank, Esq. (via ECF)