UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GENESIS WILSON, ALIAKSANDRA KULESH,　　Docket No. 10-cv-2709 (PGG)(JCF)
NATALIA ZEMTSOVA, YULIYA SYNYUK,
TATIANA LISOVSKAYA, MOHAMMED MOIN
UDDIN, KSENIA ARTATES, SANTIAGO ORTIZ,
ABDOULAYE NDIAYE and ABIGAIL HENNESSY,

                            Plaintiffs,

                          -against-

PASQUALE'S DAMARINO'S, INC., IZABELA
MARINO, PETER ROSSIGNUOLO a/k/a PETER
ROSSI, CRAIG PERRI, GIANCARLO
MONTESARCHIO, SALVATORE ABATE, FRED
MARINO, 220 WEST RESTAURANT CORP.,
JOSEPH MARINO a/k/a GIUSEPPE MARINO,
KAVITA S. JAGNARINE a/k/a KAY JAGNARINE,
PIATTI ITALIANI LLC FRATELLI ITALIANI LLC,

                            Defendants.
------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF KAVITA S. JAGNARINE A/K/A KAY JAGNARINE AND FRATELLI ITALIANI LLC

MORITT HOCK & HAMROFF LLP
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2000

*Attorney for Defendants,
Kavita S. Jagnarine a/k/a Kay
Jagnarine, Fratelli Italiani, LLC and
Craig Perri*

On the brief:
Keith J. Frank, Esq.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ...................................................................................................................... 2

    I.    PLAINTIFFS CANNOT CURE THEIR FAULTY PLEADING BY INTRODUCING NEW FACTUAL AVERMENTS ........................................................................ 2

    II.    PLAINTIFFS FAILED TO PLEAD DEFENDANT JAGNARINE'S AND FRATELLI'S LIABILITY UNDER THE SUBSTANTIAL CONTINUITY TEST ................................. 5

    III.    PLAINTIFFS FAILED TO PLEAD THAT DEFENDANTS JAGNARINE AND FRATELLI WERE SUCCESSOR IN INTEREST UNDER COMMON LAW ................. 7

    IV.    PLAINTIFFS FAILED TO SHOW WHY PLAINTIFFFS' CLAIMS SHOULD RELATE BACK TO THE ORIGINAL COMPLAINT ...................................................................... 9

    V.    PLAINTIFFS' WAGE AND DISCRIMINATION CLAIMS ARE INAPPLICABLE TO DEFENDANTS JAGNARINE AND FRATELLI ....................................................... 10

CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Branch v. Tower Air*, 1995 U.S. Dist. LEXIS 16390 (S.D.N.Y. Nov. 3, 1995) ............................. 2

*Fly Shoes S.R.L. v. Bettye Muller Designs Inc.*, 2015 U.S. Dist. LEXIS 87754 (S.D.N.Y. July 6, 2015) .............................................................................................................. 8

*Girau v. Europower, Inc.*, 317 F.R.D. 414 (S.D.N.Y. 2016) ........................................................ 10

*Glob. Network Communs., Inc. v. City of N.Y.*, 458 F.3d 150 (2d Cir. 2006) ............................ 3, 4

*Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363 (S.D.N.Y. 2012) .............................. 2

*Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013) ........................................................................... 10

*Holmes v. Air Line Pilots Ass'n, Int'l*, 745 F. Supp. 2d 176 (E.D.N.Y. 2010) ................................ 7

*Houston v. Seward & Kissel, LLP*, 2008 U.S. Dist. LEXIS 23914 (S.D.N.Y. Mar. 27, 2008) ....... 2

*In re Allbrand Appliance & Television Co.*, 875 F.2d 1021 (2d Cir. 1989) ................................. 10

*In re New York City Asbestos Litig.*, 789 N.Y.S. 2d 484 (1st Dep't 2005) ..................................... 8

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66 (2d Cir. 1998) . 4

*Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991) ........................................................... 2

*Techreserves Inc. v. Delta Controls, Inc.*, 2014 U.S. Dist. LEXIS 47080 (S.D.N.Y. Mar. 31, 2014) ............................................................................................................ 7

*Tommy Lee Handbags Mfg. v. 1948 Corp.*, 971 F. Supp. 2d 368 (S.D.N.Y. Sept. 9, 2013) ...... 7, 8

*Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 35 310 (E.D.N.Y. 2016) ......................................... 3

**Other Authorities**

Federal Rule of Evidence 201 ......................................................................................................... 3

**Rules and Statutes**

Rule 15(c)(1)(C) ............................................................................................................................. 9

## PRELIMINARY STATEMENT

Kavita S. Jagnarine ("Jagnarine") and Fratelli Italiani LLC ("Fratelli") (together, "Defendants") served a Motion to Dismiss ("Motion") Plaintiff's Sixth Amended Complaint on November 19, 2018. On January 10, 2019, Plaintiffs served their Opposition to Defendants Jagnarine's and Fratelli's Motion. This Memorandum of Law is submitted in Reply to Plaintiffs' Opposition. In their Opposition, Plaintiffs not only attempt to bring in new facts not alleged in their Sixth Amended Complaint, but also ask the Court to take judicial notice of documents that even Plaintiffs concede were not relied upon in drafting the Sixth Amended Complaint. Plaintiffs also falsely claim that they sufficiently alleged successor liability under the substantial continuity test and common law. Plaintiffs also argue, without presenting a fully-developed legal discussion, that the Sixth Amended Complaint should relate back to the filing of the original complaint simply because Craig Perri ("Perri") is purportedly Defendant Jagnarine's "husband/paramour". Lastly, Plaintiffs argue that their wage and hour and discrimination claims are applicable to Defendants Jagnarine and Fratelli because they allege that Defendant Jagnarine was not an "innocent purchaser for value" and therefore, liable for the Original Defendants' alleged violations of the law.

Plaintiffs clearly attempt to smear these Defendants and spend an inordinate amount of print on the conduct of the Original Defendants and how the Court had to deal with their "bad-faith conduct" in the seven (7) years prior to these Defendants even being brought into the case. Jagnarine and Fratelli were not in the picture when the claimed "bad-faith conduct" occurred and the actions of others cannot now be imputed onto them. Plaintiffs even attach to the Wisniewski Declaration a 2011 Declaration of Tatiana Mirinova. This Declaration is seven (7) years before these Defendants were brought into the case. Likewise, the March 25, 2013 decision of this

1

Court attached to the Wisniewski Declaration is five (5) years prior to these Defendants being brought into the case.

For the reasons set forth below, Defendants Jagnarine and Fratelli request that the Court reject Plaintiffs' Opposition in its entirety.

## ARGUMENT

### I. PLAINTIFFS CANNOT CURE THEIR FAULTY PLEADING BY INTRODUCING NEW FACTUAL AVERMENTS

Plaintiffs present purported new facts not alleged in the Sixth Amended Complaint throughout their Opposition brief to remedy their faulty pleading, which failed to sufficiently allege that Defendants Jagnarine and Fratelli had notice of the lawsuit. Without support, Plaintiffs write in their Opposition brief that "Jagnarine is not an innocent purchaser. She is in fact a participant in Perri's fraud and crucial to his plans – which is to be facially judgment proof but still be able to own and operate DaMarino through Jagnarine and Fratelli." *See Pls' MOL in Opp.*, at 11. However, a district court must limit itself to facts alleged in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). "[M]emoranda and supporting affidavits in opposition to a motion to dismiss cannot be used to cure a defective complaint[.]" *Branch v. Tower Air*, 1995 U.S. Dist. LEXIS 16390, at *17 (S.D.N.Y. Nov. 3, 1995) (citations omitted); *see also Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012) ("Plaintiff's additional factual assertions, provided in his opposition papers and affidavit, are inadmissible."); *Houston v. Seward & Kissel, LLP*, 2008 U.S. Dist. LEXIS 23914, at *34-35 (S.D.N.Y. Mar. 27, 2008) (rejecting plaintiffs' submission of factual averments for the first time in its opposition brief).

Defendants Jagnarine and Fratelli request that the Court reject these new factual averments in their Opposition papers.

Plaintiffs also seek judicial notice of documents they attached in their counsel's declaration[1]: (1) an e-mail, dated August 27, 2015, from Defendant Perri to Sister Elizabeth Hassel and Sister Lillian McNamara's Affidavit, dated April 17, 2017; (2) an article from Newsletter, dated September 2015; (3) a verified answer to a state complaint in the matter *Encore 49 Housing Development Fund Company, Inc. v. Fratelli Italiani, LLC, Piatti Italiani LLC, Craig Perri, Kavita Jagnarine, Joseph Gambuto, and Fred Marino*, 653256/2016; (4) a Facebook post, dated August 27, 2017; and (5) a Facebook post, dated November 27, 2018. Though judicial notice may be taken under Federal Rule of Evidence 201, "a necessary prerequisite for that exception is that the plaintiff relied on the terms and effect of the document in drafting the complaint . . . ; mere notice or possession is not enough." *Glob. Network Communs., Inc. v. City of N.Y.*, 458 F.3d 150, 156 (2d Cir. 2006) (internal quotations and citation omitted). Plaintiffs fail to meet this necessary prerequisite because nowhere in Plaintiffs' Opposition brief did they indicate that they relied on the documents above in drafting the Sixth Amended Complaint. In fact, Plaintiffs seemingly concede that they did not rely on such documents in drafting the Sixth Amended Complaint, as they indicated in their Opposition brief that, referring to the documents above, "the following facts have emerged since the filing of the SAC". *See Pls' MOL in Opp.*, at 7. Hence, Defendants Jagnarine and Fratelli respectfully request that the Court refrain from taking judicial notice of said documents.

---

[1] Plaintiffs' counsel submitted his Declaration, in which he reiterates factual and legal assertions from their Opposition papers. "Although such practice may be acceptable in state court proceedings, it is not acceptable in federal court." *Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 35 310, 319 n.3 (E.D.N.Y. 2016). Hence, the Court should not consider Plaintiffs' counsel's factual and legal assertions in his Declaration in deciding the instant motion.

Assuming the court takes judicial notice of the documents, Defendants respectfully request that the Court take judicial notice "to establish the existence of the opinion, not for the truth of the facts asserted in the opinion." *Glob. Network Communs., Inc.*, 458 F.3d at 157. Related to this precept, "[a] court may take judicial notice of a document filed in another court *not* for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998). In other words, these documents can only be used to establish their existence. *See Glob. Network Communs., Inc.*, 458 F.3d at 157 ("Here, it is clear that the extraneous documents were used not to establish their existence, but rather to provide the reasoned basis for the court's conclusion that 'the record shows that Global cannot be expected to pay its obligations to the City in a timely or honest manner.' Analysis of such material was therefore not appropriate under the judicial notice exception . . . ."). Hence, judicial notice of the e-mail, dated August 27, 2015, may only establish that there is an email; judicial notice of Sister McNamara's Affidavit, dated April 17, 2017, may only establish that such an Affidavit from a separate litigation exists; judicial notice of the Newsletter article, dated September 2015, may only establish that the article exists; the verified answer establishes that such answer was filed in the state case and that the state case exists; the Facebook post, dated August 27, 2017, may only establish that there is purportedly a Facebook post, it does not establish the truth of any caption in that post; likewise, the Facebook post, dated November 27, 2018, may only establish that there is purportedly a Facebook post, but does not establish the truth of the post or any caption attached to it.

As such, Defendants Jagnarine and Fratelli respectfully request that the Court deny Plaintiffs' invitation to take judicial notice of these documents, or in the alternative, assuming the

Court takes judicial notice, to merely do it to establish the existence of said documents and *not* the truth of and statements asserted in them.

## II. PLAINTIFFS FAILED TO PLEAD DEFENDANT JAGNARINE'S AND FRATELLI'S LIABILITY UNDER THE SUBSTANTIAL CONTINUITY TEST

Plaintiffs acknowledge that under the substantial continuity test, whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessors and the ability of the predecessor to provide relief, are "indispensable" in finding successor liability. In their Opposition, Plaintiffs state that they "have clearly pleaded and (and existing evidence supports the inference) that Jagnarine, as Perri's paramour, was well aware of the instant litigation and of the Mironova judgment at the time that – as Jagnarine claims – the assets of Piatti Italiani were purchased." *See Pls' Opp*, at 11. Plaintiffs further add that "[i]n fact, there is no doubt that the 'asset purchase' agreement is a sham and that Perri has been running the restaurant through setting up Piatti Italiani and later Fratelli with Jagnarine's help." *Id. Plaintiffs' last-ditch effort to re-write their allegations must fail and these conclusory statements in their Opposition papers, which are denied, do not suffice to cure the factual deficiency of the Sixth Amended Complaint.*

Contrary to Plaintiffs' representation, nowhere in the Sixth Amended Complaint did Plaintiffs allege that Defendant Jagnarine was aware of the instant case and the Mironova judgment at the time of the Asset Purchase Agreement. Plaintiffs did not even allege that Defendant Perri was aware of the instant case and the Mironova judgment. In the Sixth Amended Complaint, Plaintiffs alleged that the "Original Individual Defendants found out that Mironova had a huge judgment against them and Plaintiffs would soon obtain a partial judgment against them and Original Corporate Defendants, and then continue with the litigation, they realized that their ownership of DaMarino Restaurant was threatened." Dkt. No. 274, at ¶ 208.

5

Plaintiffs defined the "Original Individual Defendants" as encompassing "Marino I., Rossignuolo, Montesarchio, Abbate and Marino F." but excluding Defendant Perri. Dkt. No. 274, at ¶ 1. Hence, Plaintiffs' attempt to imply, again without alleging, that Defendant Jagnarine was aware because Defendant Perri was aware monumentally fails.

Additionally, Plaintiffs fail to allege any facts in their Sixth Amended Complaint to support their statement in their Opposition that Defendant Perri "has been running the restaurant through setting up Piatti Italiani and later Fratelli with Jagnarine's help." In their Sixth Amended Complaint, Plaintiffs averred that "[i]n or about June, 2014, the Original Individual Defendants and the Successor Defendants created Defendant Piatti . . . Also, the Successor Defendants . . . became members and part owners of Defendant Piatti." Dkt. No. 274, at ¶ 209. Plaintiffs also alleged that "[s]ome time in the Spring of 2015, the 2nd Circuit upheld the appeal of the Mironova judgment and Defendant's negotiations with Mironova quickly went nowhere. Concerned that their ownership of DaMarino Restaurant was again threatened, Individual Defendants created yet another corporate entity – in or about June 9, 2015, they created Defendant Fratelli and became its members." Dkt. No. 274, at ¶ 212 (emphasis added). Plaintiffs defined "Individual Defendants" to include Original Individual Defendants, which excluded Defendant Perri, and Successor Individual Defendants, which included Defendant Jagnarine. Dkt. No. 274, at ¶ 1.

Plaintiffs' assertions in their Opposition papers and Sixth Amended Complaint, are implausible because Plaintiffs did not even plead that Defendant Perri created Piatti and Fratelli, let alone sufficiently allege that Defendant Jagnarine conspired with Defendant Perri to avoid litigation with respect to the instant matter and the Mironova judgment, cases that Plaintiffs did not sufficiently allege Defendants Jagnarine and Fratelli were aware of. At best, Plaintiffs

6

alleged that, along with the other named defendants, Defendant Jagnarine became an owner of Piatti and Fratelli. These averments standing alone certainly do not support an allegation that Defendant Jagnarine engaged in an unlawful conduct or had notice of the instant matter and the Mironova litigation. *See Techreserves Inc. v. Delta Controls, Inc.*, 2014 U.S. Dist. LEXIS 47080, at *29 (S.D.N.Y. Mar. 31, 2014) (finding that "general allegations" of "prior association" did not suggest a conspiracy to engage in anticompetitive conduct); *Holmes v. Air Line Pilots Ass'n, Int'l*, 745 F. Supp. 2d 176, 193 (E.D.N.Y. 2010) ("Where, as here, there is an 'obvious alternative explanation' that is more likely, the plaintiff's cause of action is not plausible and must be dismissed.").

Plaintiffs failed to plead Defendants Jagnarine's and Fratelli's liability under the substantial continuity test.

### III. PLAINTIFFS FAILED TO PLEAD THAT DEFENDANTS JAGNARINE AND FRATELLI WERE SUCCESSOR IN INTEREST UNDER COMMON LAW

Plaintiffs erroneously argue that they adequately pled successor liability under common law: where the transaction constitutes a *de facto* merger and where the transaction was undertaken to defraud creditors. However, as Plaintiffs acknowledge, under New York law, "the hallmarks of a de facto merger include: continuity of ownership; cessation of ordinary business and dissolution of the acquired corporation as soon as possible; assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and continuity of management, personnel, physical location, assets and general business operation." *Tommy Lee Handbags Mfg. v. 1948 Corp.*, 971 F. Supp. 2d 368, 379 (S.D.N.Y. Sept. 9, 2013). Despite this acknowledgment, Plaintiffs do not even discuss the sufficiency of their Sixth Amended Complaint with respect to the above-referenced factors; instead, Plaintiffs, in a conclusory manner, merely state that "the 'asset sale' to the Jagnarine

7

Defendants clearly represents a *de facto* merger or mere continuation, as these 'are so similar that they may be considered a single exception.'" *See Pls' Opp.*, at 12. This is insufficient to allege a *de facto* merger.

In the Sixth Amended Complaint, Plaintiffs failed to allege Defendant Jagnarine's ownership or ownership interest in Pasquale's DaMarino's Inc. and 220 West Restaurant Co.—the "Original Corporate Defendants". This failure is fatal because New York law requires an allegation that shareholders of the selling corporation hold an indirect interest in the assets of the acquiring corporations. *See Tommy Lee Handbags Mfg.*, 971 F. Supp. 2d at 379 (citing *In re New York City Asbestos Litig.*, 789 N.Y.S. 2d 484 (1st Dep't 2005), which held that there was no continuity of ownership because, in part, the acquiring corporation paid cash for the selling corporation's assets and none of the shareholders of the acquiring corporation was a former shareholder or current member of the selling corporation). Therefore, Plaintiffs fail to sufficiently allege a *de facto* merger.

In the alternative, Plaintiffs also contend that they pled facts to support successor liability based on intent to defraud creditors. *See Pls' Opp.*, at 13. Plaintiffs are wrong. To determine whether a transaction is fraudulent, courts look for certain badges of fraud, such as: 1) a close relationship among the parties to the transaction; 2) a secret and hasty transfer not in the usual course of business; 3) inadequacy of consideration; 4) the transferor's knowledge of the creditor's claim and the transferor's inability to pay it; 5) the use of dummies or fictitious parties; and 6) retention of control of the property by the transferor after the conveyance. *See Fly Shoes S.R.L. v. Bettye Muller Designs Inc.*, 2015 U.S. Dist. LEXIS 87754, at *6-7 (S.D.N.Y. July 6, 2015). In their Opposition papers, Plaintiffs wrote that "[a]s alleged in the Complaint, the Original Individual Defendants conspired with the Successor Individual Defendants to create

8

business entities and transfer assets between them for little or no consideration for the express purpose of evading creditors, leaving PDI as an undercapitalized shell." *See Pls' Opp.*, at 14. Plaintiffs' use of the word "conspired" is insufficient to support their allegation of fraudulent conveyance. Specifically, Plaintiffs failed to state allegations of Defendant Jagnarine's role in such transaction as Plaintiffs did not allege that Jagnarine owned DaMarino and 220 West, the "Original Corporate Defendants" and that the transferor—DaMarino, 220 West, or Piatti—retained control of Defendant Fratelli's property after the Asset Purchase Agreement was signed. Aware that their allegations are insufficient, Plaintiffs ask the Court to "take judicial notice of documents filed in the lawsuit by the landlord against Jagnarine Defendants", including the August 27, 2015 e-mail from Defendant Perri to Sister Hasselt. As discussed above, judicial notice of these documents should either be denied or judicial notice cannot establish the truth of the matters asserted in them. Plaintiffs failed to allege that Defendants Jagnarine and Fratelli were successor in interest under common law.

### IV. PLAINTIFFS FAILED TO SHOW WHY PLAINTIFFS' CLAIMS SHOULD RELATE BACK TO THE ORIGINAL COMPLAINT

In their Opposition, Plaintiffs argue that "[d]espite her protestations that she is an innocent purchaser, Jagnarine is <u>obviously</u> a co-participant in fraud against creditors along with her husband/paramour Perri and this is why notice of Plaintiffs' claims should relate back to the filing of the original complaint against Perri based on the identity of interest." *See Pls' Opp.*, at 15 (emphasis in original). Plaintiffs misconstrue the law. "An amended complaint that adds a new party must meet the following criteria to relate back under Rule 15(c)(1)(C): (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been

9

brought against it; and (4) the second and third criteria are fulfilled within [90] days of the filing of the original complaint." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Here, Plaintiffs did not even attempt to discuss all of the factors above. Plaintiffs simply argue that Defendant Jagnarine was "obviously" a co-participant in fraud against creditors along with Perri and that the Sixth Amended Complaint should relate back to filing of the original complaint based on the "identity of interest." But a showing of identity of interest requires "substantial structural and corporate identity, such as shared organizers, officers, directors, and offices." *See Girau v. Europower, Inc.*, 317 F.R.D. 414, 422 (S.D.N.Y. 2016) (citing *In re Allbrand Appliance & Television Co.*, 875 F.2d 1021, 1025 (2d Cir. 1989)). As Plaintiffs kept repeating in their Opposition, Plaintiffs merely rely on the allegation of Perri's purported status as Defendant Jagnarine's "husband/paramour" to establish identity of interest, which is woefully insufficient. Stripped of its conclusory and undeveloped argument, Plaintiffs' Opposition papers fail to explain why they did nothing for several years with respect to adding Defendants Jagnarine and Fratelli. Plaintiffs' claims in their Sixth Amended Complaint are time barred and should not relate back to their original complaint.

### V. PLAINTIFFS' WAGE AND DISCRIMINATION CLAIMS ARE INAPPLICABLE TO DEFENDANTS JAGNARINE AND FRATELLI

Plaintiffs state in their Opposition papers that "[w]hen the veneer of 'innocent purchaser for value' is exposed as fraud, Jagnarine Defendants are liable for the Original Defendants' violations of the law." *See Pls' MOL in Opp*, at 15. It is clear that Plaintiffs' misguided assertions about Defendants Jagnarine's and Fratelli's liability are conclusory and speculative.

### CONCLUSION

For all of these reasons, and for those articulated in Defendants' moving papers, Defendants respectfully request that the Court grant their Motion in its entirety.

Dated: Garden City, New York
January 31, 2019

Respectfully Submitted,

*/s/ Keith J. Frank*

_____
Keith J. Frank, Esq.
MORITT HOCK & HAMROFF LLP
400 Garden City Plaza, 2nd Floor
Garden City, New York 11530
(516) 873-2000
kfrank@moritthock.com

1624011v1