# ROBERT WISNIEWSKI P.C.
ATTORNEYS-AT-LAW

40 WALL STREET, SUITE 2833• NEW YORK, NY 10005
TEL: (212) 267-2101 • FAX: (646) 512-5604
WEBSITE: www.rwapc.com

July 6, 2020

Hon. Robert W. Lehrburger, USMJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1960
New York, NY 10007-1312
    *VIA ECF*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/7/2020

    Re:    **Wilson et. al. v. Pasquale DaMarino et. al.**
                **SDNY Docket No.: 10-cv-2709(PGG)(RWL)**

Dear Judge Lehrburger,

    I represent Plaintiffs in the above-referenced matter. I write to request the following relief:

1. to request yet another, hopefully last, extension of time to file a motion for the ***Cheeks*** review from Tuesday, July 7 to Friday, August 7, 2020. This is a fourth request of this sort. Counsel for Defendants consent to this request and there is no prejudice to any party;

2. to request a telephone status conference with Your Honor to resolve the issue of Plaintiff Ksenia Artates, who advises that she is in the far reaches of the former Soviet Union and is not expected to return to the United States for several more months. I did not ask Defense counsel for consent to this request but realized a need for the conference having reviewed their latest emails.

    By way of status report, all Plaintiffs save for Ms. Artates signed the settlement agreement. However, I will need to ask one of the plaintiffs to re-sign the documents because, owing to a scrivener's error that none of the counsel caught, a wrong surname was used on the signature page. I believe that I can get this resolved in the next ten days.

    The parties also attempted to have the consent to Your jurisdiction signed but it was rejected by the judgments clerk after two months and we are resolving the clerk's issues. We hope that it will take the clerk less time this go around to approve the document.

    Finally, there is the issue of Plaintiff Ksenia Artates who went to Russia before counsel

for the parties could finalize the text of the settlement agreement. At the conclusion of the settlement conference before Your Honor, we put on the record the material terms of the settlement agreement. Under the settlement with all Defendants, Plaintiff Artates stands to receive $156.51, the second smallest amount of all Plaintiffs. Ms. Artates advised me upon her departure that she would be in an area of Russia with no internet or telephone access for at least seven months. She left written instructions with me where to send the settlement monies. Ever since she left for Russia, I never received any communication in which Ms. Artates would disavow the settlement or change her written instructions as to what to do with the money.

In the past several months, I attempted to resolve the issue of Ms. Artates' continued absence from the United States by offering to execute the settlement agreements on her behalf as an attorney of record who is authorized to compromise his clients' claims, yet both Mr Frank and Mr. Farella insist that Ms. Aratetes sign the documents herself. Neither Mr. Frank nor Mr. Farella offered any legal precedent which would prevent me to sign the settlement agreement as the attorney of record.

Defense counsel's insistence provides Ms. Artates with three choices. She can sign:
(1) before a notary public in Russia (and obtain an apostille from Russia's Ministry of Foreign Affairs);
(2) before an US Consul in Moscow, Vladivostok or Yekaterinburg; or
(3) before a notary public when she returns to New York.

The absurdity of the first two options for Plaintiff Artates is clear. While I have no idea where exactly in Russia Ms. Artates is, given Russia's vastness the cost of travel to Moscow, Vladivostok or Yekaterinburg will be a multiple of the settlement amount that she is to receive. Moreover, upon information and belief, an US Consul charges $250 to function as a notary public. Thus, the sheer costs that she will have to bear make the first two options impossible for Ms. Artates.

On the other hand, the third option, which is that Ms. Artates sign the documents before a New York notary public upon her return some time in the Fall is unacceptable to the remaining Plaintiffs. These Plaintiffs have waited since the December settlement conference to receive their settlement monies. Any further delay would be greatly unfair to them.

While Mr. Frank advises that he is discussing a solution to this problem with his clients, I am skeptical that there is any other option, except to dismiss Ms. Artates from the lawsuit, which I would strenuously oppose, considering that there is a very simple solution, which is that I have authority to compromise her claims as the attorney of record.

Because I am very much concerned that there will be no other option, except for those identified above, I respectfully request a telephone status conference at any time around July 15 agreeable to Your Honor.

Wherefore, for the reasons set forth above, Plaintiffs are seeking the following relief:

1. jointly with Defendants – an extension of time to file a motion for the *Cheeks* review from Tuesday, July 7 to Friday, August 7, 2020; and

2. a telephone status conference around July 15 at a time agreeable to Your Honor so as to resolve the issue of Plaintiff Ksenia Artates.

Thank you for your attention to the foregoing.

                                          Respectfully submitted,

                                          */s/Robert Wisniewski*
                                          Robert Wisniewski

cc: via ECF

Keith J. Frank, Esq.
*Counsel for the Fratelli Defendants*

Christopher Farella, Esq.
*Counsel for Defendants Rossignuolo and Montesarchio*

---

The parties' request for an extension of time to file a motion for the *Cheeks* review is granted. No further extensions absent compelling circumstances.
A telephonic Status Conference is set for July 22, 2020 at 3:00 p.m. The parties shall call the teleconference line at **(888) 398-2342** and enter access code **9543348**.

SO ORDERED:

7/7/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE